# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

|  |  |  |
|---|---|---|
| ISAAC MORRIS, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Warden CEDRIC TAYLOR, *et al.*, | : | NO. 1:13-CV-21-WLS-TQL |
| Defendants. | : | |
|  | : | **ORDER & RECOMMENDATION** |

Plaintiff **ISAAC MORRIS** has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleges violations of his rights under both the Eighth Amendment and Title II of the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.* Currently pending before the Court are (1) the complaint and 19 pages of attachments, which must be screened under 28 U.S.C. § 1915A (Doc. 1); (2) an application for leave to proceed *in forma pauperis* ("IFP") (Doc. 2); (3) two motions for appointment of counsel (Docs. 3 & 7); (4) a motion to amend the complaint (Doc. 6); and (5) a motion for a Preliminary Injunction or a Temporary Restraining Order ("TRO") and 35 pages of attachments (Doc. 8).

Based upon Plaintiff's submissions, the Court hereby **GRANTS** his motion to proceed IFP and waives the initial partial filing fee.[1] Plaintiff is nevertheless obligated to pay the Court's $350.00 filing fee, as will be directed in a future order (should Plaintiff submit a recast complaint,

---

[1] In reviewing the United States District Court PACER docket reports, it appears that Plaintiff has had at least one prior 42 U.S.C. § 1983 action that has been dismissed as frivolous. *See Morris v. Unnamed Defendant*, 1:8-cv-1532-WSD (N.D. Ga. May 12, 2008).

1

as directed below).

Plaintiff states that he is disabled and requires a wheelchair. He sues several Defendants located at two prisons – Johnson State Prison ("JSP"), where he was confined from April 2010 to August 2011, and Autry State Prison ("ASP"), where he has been confined since September 2011.

While at JSP on February 13, 2011, Plaintiff allegedly was "beat and hit several times on [his] head from behind while trying to escape" from another prisoner and was rendered unconscious. Plaintiff claims that Defendant Dr. Caleb Ajibade "would not provide appropriate medical treatment for broken left hand, back or head injury," in violation of Plaintiff's Eighth Amendment rights. Plaintiff vaguely alleges that Defendant JSP Warden Jose Morales "was well informed before."

With respect to his confinement at ASP, Plaintiff alleges that he was confined to a cell that was not equipped for inmates in wheelchairs. His allegations include that he fell out of his unrailed bunk and that he has been denied a CAT scan, treatment by an outside specialist, pain medication, use of a breathing machine, and therapy for his back condition.

Plaintiff names the following Defendants in connection with the ASP claims: Warden Cedric Taylor, Dr. Aikens, and P.A. K. Swagler. He also sues Defendants ASP Warden Marty Allen and Counselor Angela McCraw, but does not allege any facts regarding these Defendants.

Finally, Plaintiff names Georgia Department of Corrections ("GDOC") Commissioner Brian Owens as a Defendant. He only alleges, without explanation, that Owens is "allowing not only previous events but retaliation under [the ADA]."

Plaintiff may not join the JSP and ASP Defendants in a single lawsuit. Joinder of multiple defendants in a single action is appropriate only if the claims arise "out of the same transaction,

occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). As stated by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). The JSP Defendants' conduct appears to be wholly independent to that of the ASP Defendants. Plaintiff's claims therefore do not arise out of the "same transaction or occurrence."

JSP is located, and the JSP Defendants are employed, in the Southern District of Georgia. This Court may, in the interests of justice, transfer Plaintiff's claims against said Defendants to the Southern District. 28 U.S.C. §§ 1404(a), 1406(a). Because Plaintiff might face a statute of limitations issue should he be required to file a new lawsuit against the JSP Defendants in the proper venue, the Court finds that transfer of Plaintiff's claims arising at JSP would be in the interest of justice. Accordingly, Plaintiff's claims against the two JSP Defendants, and any claims Plaintiff may wish to bring against Defendant Commissioner Owens relating to JSP, are hereby **TRANSFERRED** to the United States District Court for the Southern District of Georgia.

As to his claims arising at ASP, Plaintiff is hereby **ORDERED** to recast his complaint to allege only such claims. In submitting his recast complaint, Plaintiff must use this Court's standard section 1983 form, to which he may attach a maximum of five pages. Plaintiff's recast complaint shall take the place of and supersede his original complaint. Plaintiff's motion to amend is accordingly **DENIED**. Plaintiff should include in his recast complaint all claims he wishes to raise against the ASP Defendants and, if applicable, GDOC Commissioner Brian Owens.

In completing his recast complaint, Plaintiff is instructed to state in detail the specific conduct of each Defendant that violated his constitutional rights. Plaintiff is additionally advised that an individual who is merely holding a supervisory position is insufficient to support his liability, because there is no *respondeat superior* liability in section 1983 actions. **Rogers v. Evans**, 792 F.2d 1052 (11th Cir. 1986).

As to Plaintiff's motions for appointment of counsel, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in this context. **Poole v. Lambert**, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. **Lopez v. Reyes**, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. **Holt v. Ford**, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth many of the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Therefore, Plaintiff has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Plaintiff's motions for appointment of counsel are accordingly **DENIED**.

Finally, regarding Plaintiff's motion for a Preliminary Injunction or a TRO, he seeks "immediate transfer to another prison with therapy and appropriate medical care." The standard for obtaining a TRO is identical to that for obtaining a preliminary injunction. *See* **Windsor v. U.S.**, 379 F. App'x. 912, 916–17 (11th Cir.2010). Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury

outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. ***Parker v. State Bd. of Pardons & Paroles***, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." ***Siegel v. LePore***, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

At this juncture, both the merits of Plaintiff's case and the prospect of his suffering irreparable injury are uncertain. Moreover, an inmate has no constitutional right of transfer. ***Meachum v. Fano***, 427 U.S. 215, 225 (1976). Therefore, prison officials have broad discretion and may transfer or refuse to transfer a prisoner for any constitutionally permissible reason or for no reason at all. ***Id.*** Because Plaintiff has not satisfied either of the first two prerequisites for granting a preliminary injunction or a TRO, it is **RECOMMENDED** that Plaintiff's motion for the same be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

As directed above, Plaintiff must submit a recast complaint to this Court if he wishes to bring claims relating to ASP. Plaintiff shall have twenty-one (21) days from the date of this Order to submit his recast complaint. If Plaintiff fails to respond timely to this Order, this action shall be dismissed.

The Clerk's Office is **DIRECTED** to forward to Plaintiff a copy of this Court's section 1983 form (with the civil action number on it).

**SO ORDERED AND RECOMMENDED**, this 18th day of March, 2013.


                                    s/*THOMAS Q. LANGSTAFF*
                                    UNITED STATES MAGISTRATE JUDGE