**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ISAAC MORRIS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-cv-21 (WLS) |
| Warden CEDRIC TAYLOR *et al*, | : |
| Defendants. | : |

**ORDER**

Before the Court is United States Magistrate Judge Thomas Q. Langstaff's March 18, 2013 Order and Recommendation in this *pro se* prisoner case against employees of the Autry State and Johnson State Prisons. (Doc. 10.) Plaintiff Isaac Morris claims that the Defendants violated the Americans with Disabilities Act and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. (Doc. 1.)

Judge Langstaff issued the instant Order and Recommendation on a variety of pretrial motions. Specifically, the Order and Recommendation (1) granted Morris's motion to proceed *in forma pauperis*, (2) denied two motions to appoint counsel, (3) denied a motion for leave to amend complaint, (4) recommended the dismissal of Morris' motion for preliminary injunction or temporary restraining order, (5) and transferred the claims against the Johnson State Prison defendants to the Southern District of Georgia because they were improperly joined to this lawsuit. Morris timely objected to the transfer and all of the negative rulings. The Court adopts the Order and

1

Recommendation with one exception: the Court must reverse and remand the portion of the order transferring claims to the Southern District of Georgia.

## **DISCUSSION**

The Court applies two standards of review to these objections. First, under the Federal Rules of Civil Procedure, a district judge may consider timely objections to a magistrate judge's order on nondispositive pretrial matters and may modify or set aside any portion thereof that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (permitting district judge to reconsider magistrate judge's order on nondispositive pretrial matter if order is contrary to law or clearly erroneous). "Clear error is a highly deferential standard of review." *Saunders v. Emory Healthcare, Inc.*, No. 1:07-CV-00282-WSD-GGB, 2008 WL 513340, *3 (N.D. Ga. Feb. 22 2008) ("The standard for overturning a Magistrate Judge's order is 'a very difficult one to meet.'"). "[A] finding is 'clearly erroneous' when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*

On the other hand, the court reviews recommendations on dispositive issues *de novo*. 28 U.S.C. § 636(b)(1). "As the use of the phrase de novo implies, the district court's consideration . . . must be independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

### I. <u>Transfer of Claims to the Southern District of Georgia</u>

Morris claims the magistrate judge erred by transferring certain claims to the Southern District of Georgia. The Court agrees.[1] As an initial matter, there is some

---

[1] Although a transferor court loses jurisdiction over the case when it is physically transferred, *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 n.10 (11th Cir. 1982), a review of the Southern District of Georgia's PACER system reflects that that Court has not docketed this case.

2

ambiguity about whether the pretrial authority of 28 U.S.C. § 636 applies to a magistrate judge's transfer of venue. *Hamlett v. Widtzler*, No. CV 2011-3106(CBA)(MDG), 2013 WL 1338859, at *1 n.1 (E.D.N.Y. Mar. 8, 2013) ("Courts disagree on whether motions to transfer are within the pretrial reference authority of magistrate judges."). Therefore, the proper standard of review is somewhat unclear. Even under a more deferential standard, however, the Court must reverse and remand.

In the Order, the magistrate judge found Morris alleged two distinct claims from incidents in the Johnson State and Autry State Prisons. Reasoning that Morris improperly joined the claims under Federal Rule of Civil Procedure 20, the magistrate judge *sua sponte* severed the Johnson State Prison claims and transferred them to the Southern District of Georgia. He found they should be severed because the statute of limitations might bar some of the claims if they were dismissed. Morris essentially objects to the merits of this determination. The Court reverses for a different reason.

Before transferring a case under 28 U.S.C. § 1404, a judge must give the parties notice and opportunity to be heard. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011). "[T]he judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons." *Id.* (quoting *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)). Both Parties—including the Defendants—must be given a chance to oppose a transfer. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see also Tazoe*, 631 F.3d at 1336–37

---

The Court therefore retains jurisdiction. *Heard v. Tanner*, No. 5:11-cv-303 (CAR), 2011 WL 4097517, at *1 (M.D. Ga. Sept. 14, 2011).

(holding district court abused its discretion in *sua sponte* dismissing case under doctrine of *forum non conveniens* before plaintiff perfected service).[2]

In this case, the magistrate judge *sua sponte* transferred claims against the Johnson State Prison defendants to the Southern District of Georgia without giving Morris or the Defendants an opportunity to oppose such a transfer. (*See* Docket.) According to the docket, the Defendants have not been served. Accordingly, this portion of the Order must be, and is, **REVERSED**. *See Tazoe*, 631 at 1336 (noting that it is abuse of discretion to transfer case without notice and opportunity to be heard).

## II.   Motions to Appoint Counsel

Morris also objects to the magistrate judge's order denying his motions to appoint counsel. The Court reviews a magistrate judge's order denying the appointment of counsel for clear error. *See Delgiudice v. Evans*, No. 5:12-cv-74 (CAR), 2013 WL 1294469, at *1 (M.D. Ga. Mar. 28, 2013). Here, the Court is not persuaded that Judge Langstaff's denial of Plaintiff's request for counsel was clear error or contrary to law. As Judge Langstaff noted, appointment of counsel in a civil case is not a constitutional right. *Fowler v. James*, 899 F.2d 1088, 1096 (11th Cir. 1990). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances[.]" *McCall v. Cook*, 495 F. App'x 29, 31 (11th Cir. 2012) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Exceptional circumstances exist where the facts and legal issues are so complex as to require the assistance of counsel. *Jackon v. Fla. Dept. of Corr.*, 491 F. App'x 129, 131 (11th Cir. 2012) (citing *Fowler*, 899 F.2d at 1096). In this case, nothing suggests that the case is unusually complex or novel as to require counsel.

---

[2] Additionally, this Court's review of the magistrate judge's Order is not enough to afford due process. *See Starnes v. McGuire*, 512 F.2d 918, 934 n.19 (D.C. Cir. 1974) ("[A]n opportunity to respond in the form of a motion to the district judge to stay transfer should not be deemed an adequate substitute for notice and an opportunity to respond before entry of the order.").

4

Morris' purported inability to access a law library does not establish, without more, an exceptional circumstance.³ *See Zaken v. Kelley*, 370 F. App'x 982, 986 (11th Cir. 2010).

Therefore, the Court does not disturb Judge Langstaff's Order. Accordingly, Plaintiff's objection is **OVERRULED**.

### III. Motion for Leave to Amend Complaint

The Court also disagrees that Judge Langstaff erred when denying Morris' motion to amend. "As a general matter, [a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Auth.*, 501 F.3d 1241, 1243 (11th Cir. 2007) (citation omitted). Judge Langstaff's order directing Morris to recast his complaint mooted his motion to amend. Accordingly, his objection is **OVERRULED**.

### IV. Denial of Preliminary Injunction

Along with his complaint, Morris filed a pre-service "Order to Show Cause for an Preliminary [sic] Injunction and a Temporary Restraining Order." (Doc. 8.) The Court reviews the denial of this motion *de novo. Jeffrey S. by Earnest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512–13 (11th Cir. 1990). After an independent review of the record, the Court agrees this motion should be denied.

To obtain a TRO or a preliminary injunction, a movant must demonstrate that (1) there is a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would cause to the nonmovant; and (4) the preliminary injunction would

---

³ In any event, Morris' alleged inability to do legal research is belied by the legal citations he provides in all of his filings.

not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001)

Morris has failed to establish a substantial likelihood of success on the merits. This is so because "any motion or suit for a traditional injunction must be predicated upon a cause of action . . . regarding which a plaintiff must show a likelihood or actuality of success on the merits." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). Accordingly, the Court cannot grant a preliminary injunction when the movant fails to even state a claim.

In this case, Morris seeks a preliminary injunction because the defendants are allegedly deliberately indifferent to his serious medical need. To make a claim of deliberate indifference, Morris had to allege that the prison officials (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) by conduct that is more than mere negligence. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). In his initial complaint and motion, Morris did not allege, and did not provide any facts showing, that the jail officials acted with more than mere negligence. Judge Langstaff, in fact, ordered Morris to recast his complaint, presumably because the precise nature of his claims was unclear. The facts are simply not developed enough to warrant a TRO or injunctive relief.

Therefore, Morris' objection relating to his request for a TRO or preliminary injunction is **OVERRULED**, and his motion is **DENIED** without prejudice.

## CONCLUSION

Based on the foregoing, Judge Langstaff's March 18, 2013 Order and Recommendation is **ACCEPTED in part** and **REVERSED in part**, as follows: The

Court **ACCEPTS, ADOPTS** and makes Order of the Court the Order and Recommendation as it applies to the motion for a preliminary injunction (Doc. 8), the motion to appoint counsel (Doc. 7), the motion to amend (Doc. 6), the motion to proceed *in forma pauperis* (Doc. 2), and the order requiring Morris to recast his complaint. The Court **DOES NOT ADOPT** and **REVERSES** the portion of the Order transferring certain claims to the Southern District of Georgia and **REMANDS** for further proceedings in accordance with this Order. Morris' objection regarding the transfer is **SUSTAINED** and the objections as to the other portions are **OVERRULED**.

    **SO ORDERED**, this  10th  day of April 2013.

                          /s/ W. Louis Sands
                          **THE HONORABLE W. LOUIS SANDS,**
                          **UNITED STATES DISTRICT COURT**