# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

ISAAC MORRIS, :
:
      Plaintiff, :
:
  VS. :
:     1 : 13-CV-21 (WLS)
WARDEN JOSE MORALES, *et al.*, :
:
      Defendants. :
:

## ORDER AND RECOMMENDATION

Plaintiff filed a Motion in Request for Permissive Joinder on December 9, 2013, wherein he requests permission to add two additional defendants pursuant to Federal Rules of Civil Procedure 15, 19, and 20. (Doc. 31).

Rule 19 applies to joinder of a party where it is necessary for a just adjudication of the case. Based on the allegations in Plaintiff's Motion, Rule 19 does not appear to apply in this case. Under Rule 20(a)(2), defendants *may* be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Defendants Morales, Allen, Ajibade, and McCraw have filed a Response to Plaintiff's Motion. (Doc. 42). These four Defendants maintain that Plaintiff's Motion should be denied because Plaintiff cannot satisfy the requirements of Rule 20(a)(2).

Plaintiff also moves to add the two defendants under Rule 15(c), which discusses relation back of an amendment. (Doc. 31). In an abundance of caution, and giving this *pro se* inmate

the benefit of liberal construction of his Motion, the Court will consider Plaintiff's Motion under Rule 15(a), amendments before trial. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

Plaintiff filed his initial Complaint on February 11, 2013. (Doc. 1). Plaintiff filed a Recast Complaint on April 3, 2013. (Doc. 12). Waivers of service were mailed to Defendants on December 9, 2013. (Doc. 30). Defendants Allen, McGraw, Morales, and Ajibade filed Motions to Dismiss on February 7, 2014, and Defendants Taylor, Aiken, and Swagler have not filed a response to the Recast Complaint. (*See* Docs. 38, 40).

Plaintiff's Motion was filed the same day the Recast Complaint and waivers of service were mailed to Defendants. As such, Plaintiff's Motion was timely filed under Rule 15(a)(1)(A). The Court lacks the discretion to reject an amended complaint when the Plaintiff has the right to file an amended complaint as a matter of course. *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007). Accordingly, Plaintiff's Motion in Request for Permissive Joinder (construed as a motion to amend his recast complaint) (Doc. 31) is **GRANTED**.

Although Plaintiff's Motion is granted, the new claims remain subject to review and possible dismissal under 28 U.S.C. § 1915A(b). A federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim when it does not include enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*

In Plaintiff's Motion, he alleges that Sergeant Murry, a supervisory official at Autry State Prison ("ASP"), was deliberately indifferent to Plaintiff's serious medical need. (Doc. 31). Plaintiff maintains that Sergeant Murry heard Plaintiff and Plaintiff's breathing machine hit the floor while Plaintiff was sleeping. Sergeant Murry removed Plaintiff "from being wedged between the wall heater and bed frame". After calling medical, Sergeant Murry "concluded her assistance", which left Plaintiff in pain for a month and a half.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference standard has both an objective and a subjective component. "First, under

3

the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832.

Plaintiff fails to allege facts that show Defendant Murry was deliberately indifferent to Plaintiff's serious medical need. Defendant Murry assisted Plaintiff after he fell, and then called for medical assistance. There is no allegation that Defendant Murry was a medical professional who could have provided Plaintiff with treatment. Further, there are no factual claims to support Plaintiff's allegation that Defendant Murry's failure to take different action resulted in Plaintiff suffering for a month and a half.

Plaintiff appears to be dissatisfied with the care Defendant Murry offered Plaintiff. However, deliberate indifference entails more than mere negligence, and must be more than a medical judgment call or an inadvertent failure to provide medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Murrell v. Bennett*, 615 F.2d 306, 310 n. 4 (5th Cir. 1980). At most, Plaintiff has alleged facts that show Defendant Murry may have been negligent in not providing additional assistance. As Plaintiff has not alleged facts sufficient to show Defendant Murry was deliberately indifferent to Plaintiff's serious medical need, Plaintiff has failed to state a claim for which relief can be granted as to Defendant Murry. Thus, it is the recommendation of the undersigned that Defendant Murry be dismissed without prejudice.

Plaintiff also maintains that Jane Doe, a female correctional officer at Johnson State Prison ("JSP"), was deliberately indifferent to a serious risk of harm to Plaintiff. (Doc. 31). Plaintiff alleges that Jane Doe witnessed an attack on Plaintiff on February 13, 2011, and that he informed Jane Doe of the likelihood of being attacked on February 1, 2013, yet Jane Doe forced a hostile living arrangement on Plaintiff. Plaintiff states that he cannot remember Jane Doe's name.

"Fictitious party practice is not permitted by the Federal Rules of Civil Procedure or any other statute." *Pasco v. Georgia Dep't of Corrections*, 2007 WL 1858247, * 2 (M.D. Ga., June 26, 2007). Furthermore, the Court has no way of knowing who Jane Doe is in order to perfect service of process. Plaintiff has provided only that Jane Doe was a correctional officer at Johnson State Prison on February 13, 2011 and February 1, 2013. (Doc. 31). This does not provide sufficient information for the Court to discover the identity of Jane Doe. Accordingly, the undersigned recommends that Defendant Jane Doe be dismissed without prejudice.

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted as to Defendants Murry and Jane Doe. Accordingly, the undersigned recommends that Defendants Murry and Jane Doe be **DISMISSED** without prejudice from this action.

The Court notes that had it granted Plaintiff's Motion under either Rule 19 or 20 of the Federal Rules of Civil Procedure (as opposed to Rule 15), an initial review would have still been completed under § 1915A, and the undersigned would have still recommended dismissal of Defendants Murry and Jane Doe for the above-stated reasons.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District

Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Appoint Counsel (Doc. 34)*

Plaintiff has also filed a Motion for Appointment of Counsel. Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *McCall v. Cook*, 495 Fed. Appx. 29, 31 (11th Cir. 2012); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 19th day of February, 2014.

*s/ THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf