IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ISAAC MORRIS,             :
                          :
    Plaintiff,            :
                          :
VS.                       :
                          :   1 : 13-CV-21 (WLS)
WARDEN JOSE MORALES, *et al.*,  :
                          :
    Defendants.           :
_____ :

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on February 11, 2013. (Doc. 1). Presently pending in this action are Defendants Allen and McCraw's Motion to Dismiss, Defendants Morales and Ajibade's Motion to Dismiss, and Plaintiff's Amended Motion for Permissive Joinder. (Docs. 38, 40, 50).

**Background**

In his Complaint and Recast Complaint, Plaintiff asserts several different claims against Defendants at Johnson State Prison ("JSP") and Autry State Prison ("ASP"). Plaintiff alleges that Defendant Jose Morales, the warden at JSP, was deliberately indifferent to a serious risk of harm to Plaintiff. (Docs. 1, 12). Plaintiff contends that he informed Defendant Morales several times that Plaintiff was at risk for being attacked, yet Defendant Morales did not assist in the situation, and Plaintiff was attacked. Defendant Caleb Ajibade, a doctor at JSP, allegedly failed to provide Plaintiff with the necessary medical care after he was attacked, violating Plaintiff's Eighth Amendment rights. (Docs. 1, 12).

Plaintiff also alleges that while he was incarcerated at ASP, he was placed in a non-handicap cell, and his wheelchair was taken from him for four months. (Doc. 1). Plaintiff states

that he was injured when he fell out of bed while sleeping, and Defendant Cedric Taylor, the warden at ASP, Defendant Dr. Aikens, the doctor at ASP, and Defendant K. Swagler, a physician's assistant at ASP, allegedly denied Plaintiff medical treatment in violation of Plaintiff's Eighth Amendment rights and rights under the Americans with Disabilities Act ("ADA").

Further, Defendant Taylor, Defendant Marty Allen, a former warden of ASP, and Defendant Angela McCraw, a counselor at ASP, denied Plaintiff access to the courts by failing to assist him in obtaining legal books. (Doc. 12).

*Motions to Dismiss (Docs. 38, 40)*

Defendants Morales and Ajibade are employees at Johnson State Prison, which is located in the Southern District of Georgia, Dublin Division. (Doc. 40-1). These two Defendants filed a Motion to Dismiss contending that the claims alleged against them should be dismissed as the Middle District of Georgia is not the proper venue. In his Response to the pending Motions to Dismiss, Plaintiff states that he wishes to withdraw his claims against Defendants Morales and Ajibade, "eliminating any need for the addressing or discussion regarding venue." (Doc. 53, p. 3). As Plaintiff requests withdrawal of his claims against Defendants Morales and Ajibade, and as these two Defendants have not objected, the undersigned recommends that Defendants Morales and Ajibade be **DISMISSED without prejudice** from this action, and further recommends that Defendants Morales and Ajibade's Motion to Dismiss be **found to be moot.**

Defendants Allen and McCraw have filed a Motion to Dismiss stating that Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 38-1). A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S.

2

544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must

3

> be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

The only claim alleged against Defendants Allen and McCraw is that they failed to assist Plaintiff after he told them that he was being denied access to law books while he was confined in segregation. (*See* Docs. 12, 22). "It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "That access must be 'adequate, effective, and meaningful.'" *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1271 (11th Cir. 2010) (quoting *Bounds*, 430 U.S. at 822). Inmates, however, do not have an "abstract, freestanding right to a law library or legal assistance[.]" *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "In order to establish a violation of the right of access to the courts, [ ] a prisoner must show an actual injury." *Cunningham*, 592 F.3d at 1271. To show an actual injury, the plaintiff must show that "he had a cause of action that he could not vindicate because of the defendants' actions[.]" *Bryant v. Ruvin*, 477 Fed.Appx. 605, 607 (11th Cir. 2012); *Cunningham*, 592 F.3d at 1271. The underlying action must not be frivolous. *Cunningham*, 592 F.3d at 1271.

Plaintiff stated that the ban on law books from the library while he was in segregation caused him to suffer "injury with [his] arbitrational court proceding (sic), [his] habeas corpus proceding (sic)[,] and even in this case[.]" (Doc. 12, p. 6). Plaintiff states that he has suffered injury because he has been denied the right to know or read the Federal Rules of Civil Procedure. In his Responses to Defendants Allen and McCraw's Motion to Dismiss, Plaintiff also alleges that he was unable to be as prepared as he wanted for his habeas evidentiary hearing, and that he incorrectly cited "jurisdictional numbers" in a document that he filed with the Supreme Court of

Georgia. (Docs. 53, 54). Plaintiff does not allege that his inability to be more prepared or his mistaken citation resulted in any particular injury, such as a dismissal of either case. Furthermore, Plaintiff has not provided sufficient factual allegations showing that the underlying cases are not frivolous. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.").

Plaintiff has not alleged that he was unable to pursue his non-frivolous legal claims, that he was unable to timely file court documents, or that any of his cases were dismissed due to his alleged lack of access to the courts. Further, Plaintiff has not alleged that Defendants Allen and McCraw denied Plaintiff access to law books; rather, he alleges that they did not provide him with the assistance he wanted in obtaining legal materials.

As Plaintiff has not sufficiently alleged that the denial of access hindered his ability to vindicate non-frivolous actions, and as he has not alleged that either of these two Defendants was responsible for denying him access to legal materials, the undersigned finds that Plaintiff has failed to state a claim against Defendants Allen and McCraw regarding his alleged lack of access to the courts. *See Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (plaintiff did not allege the requisite actual injury, as he did not identify damage to any specific legal matter and did not reference any specific case or claims being pursued or affected by alleged denial of access); *Bryant*, 477 Fed. Appx. at 607 (finding the plaintiff failed to state a claim when he did not allege facts sufficient to show that the underlying lawsuit that was affected by his denial of access to the courts was not frivolous); *Richmond v. Pierce*, 2005 WL 1522608, *4 (M.D. Ga., May 26, 2005) (finding that the plaintiff did not show that a non-frivolous legal claim was frustrated by the actions of the defendants, and therefore did not show a denial of access to the

5

courts). Accordingly, it is the recommendation of the undersigned that Defendants Allen and McCraw's Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.[1]

*Amended Motion for Permissive Joinder (Doc. 50)*

Plaintiff filed an Amended Motion for Permissive Joinder, wherein he requests permission to add three additional defendants pursuant to Federal Rules of Civil Procedure 15, 19, and 20. On December 9, 2013, Plaintiff filed his first Motion for Permissive Joinder. (Doc. 31). The Court found at that time that Plaintiff was allowed to amend as a matter of course, and granted the Motion pursuant to Rule 15. *See* Fed. R. Civ. P. 15(a); (Doc. 47). The undersigned also recommended that the new claims be dismissed for failure to state a claim. (Doc. 47). That prior Recommendation remains pending.

Plaintiff now seeks to add the following claims: (1) Nurse Griffin and Lieutenant Pollard, ASP employees, retaliated against Plaintiff by ensuring that Plaintiff was denied an electrical outlet for his breathing machine in violation of Plaintiff's Eighth Amendment rights, and (2) Sergeant Murry, an ASP employee, was deliberately indifferent to Plaintiff's serious medical need by not providing Plaintiff with additional medical assistance after he fell out of his bed.

Plaintiff may only amend his Complaint <u>once</u> as a matter of right. Fed. R. Civ. P. 15(a)(1). As Plaintiff's December 2013 Motion was granted, Plaintiff is not entitled to amend as a matter of right.

---

[1] The Court notes that the claims alleged against Defendants Taylor, Aikens, and Swagler remain in this case.

*Sergeant Murry*

Plaintiff has alleged the same claim against Sergeant Murry in this Motion as he did in his first Motion for Permissive Joinder. (*See* Doc. 31). The undersigned determined that the claim alleged against Sergeant Murry failed to state a claim upon which relief could be granted, and recommended that Sergeant Murry be dismissed from this action. (Doc. 47). Plaintiff has alleged the same claim, with no additional factual support. Plaintiff's Motion is **DENIED** as to Sergeant Murry for the reasons set out in the February 2014 Recommendation. (*See* Doc. 47).

*Nurse Griffin and Lieutenant Pollard*

Rule 19 applies to joinder of a party where it is necessary for a just adjudication of the case. Based on the allegations in Plaintiff's Motion, Rule 19 does not appear to apply in this case. Under Rule 20(a)(2), defendants *may* be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Herein, Plaintiff has alleged retaliation claims and claims of deliberate indifference to a serious medical need because Nurse Griffin and Lieutenant Pollard did not provide Plaintiff with an electrical connection. (Doc. 50).

Neither in his Complaint nor in his Recast Complaint did Plaintiff allege claims of retaliation or deliberate indifference for failing to be provided with an electrical outlet for his breathing machine. (Docs. 1; 12; 22, p. 5). Plaintiff may not join Nurse Griffin and Lieutenant Pollard in this action under Rule 20 because the allegations do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the allegations contained in

7

this lawsuit. *See* Fed. R. Civ. P. 20(a)(2)(A).

As Plaintiff cannot amend as a matter of course under Rule 15, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff does not have consent from Defendants.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Retaliation occurs when a prison official disciplines a prisoner for filing complaints, grievances, or lawsuits, or otherwise exercising his First Amendment right. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). "For a prisoner to state a First Amendment retaliation claim under § 1983, the prisoner must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech." *Thomas v. Lawrence*, 421 Fed. Appx. 926, 918 (11th Cir. 2011) (citing *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)).

"A prisoner's 'complaint must contain enough facts to state a claim of retaliation by prison officials that is plausible on its face.'" *Smith v. Sec.'y, Florida Dep't. of Corrections*, 358

Fed. Appx. 60, 63 (11th Cir. 2009) (quoting *Douglas*, 535 F.3d at 1321). Plaintiff alleges only that Nurse Griffin and Lieutenant Pollard retaliated against Plaintiff by denying Plaintiff an electrical outlet for his breathing machine. (Doc. 50). Plaintiff has not, however, alleged that Nurse Griffin's motivation for the adverse action against Plaintiff was because of some protected speech. *See Jemison v. Wise*, 386 Fed. Appx. 961, 965 (11th Cir. 2010) (a prisoner "must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit."). Plaintiff does state that he reported a breach of security to Lieutenant Pollard, and Plaintiff appears to believe that is why he was denied an electrical outlet. (Doc. 50). However, "[t]he relevant showing . . . must be more than the prisoner's personal belief that he is the victim of retaliation." *Hempstead v. Carter*, 2006 WL 2092383 (N.D. Fla., July 26, 2006) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). As Plaintiff fails to show that any denial of an electrical outlet was out of retaliation for Plaintiff's protected speech, Plaintiff has failed to state a claim of retaliation against Nurse Griffin or Lieutenant Pollard.

Plaintiff also appears to contend that Nurse Griffin and Lieutenant Pollard were deliberately indifferent to Plaintiff's serious medical needs by denying him the electrical outlet for his breathing machine. (Doc. 50). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference standard has both an objective and a subjective component. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or

9

safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832.

Plaintiff has provided only vague, conclusory statements that Nurse Griffin and Lieutenant Pollard were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff has provided no factual allegations that either Nurse Griffin or Lieutenant Pollard had knowledge that Plaintiff would be harmed as a result of not having an electrical outlet, or acted with a "conscious or callous indifference" to Plaintiff's serious medical needs. *See Smith v. Reg'l Director of Florida Dept. of Corrections*, 368 Fed. Appx. 9, 14 (11th Cir. 2010) ("a plaintiff must allege a conscious or callous indifference to a prisoner's rights"). Further, Plaintiff alleges no injury as a result of the alleged denial of an electrical outlet. Accordingly, Plaintiff has failed to allege a claim of deliberate indifference against Nurse Griffin or Lieutenant Pollard.

Plaintiff has failed to allege facts which sufficiently state a claim against Nurse Griffin or Lieutenant Pollard. Therefore, allowing him to amend his Complaint under Rule 15 would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

The Court notes that even if Plaintiff was allowed to amend pursuant to Rule 15, 19, or 20, the Court would still be required to screen the new allegations under 28 U.S.C. § 1915A to determine if the allegations are frivolous, malicious, or fail to state a claim. *See Null v. Mangual*, 2012 WL 3764865, *1 (M.D. Fla., Aug. 30, 2012) (performed an initial review pursuant to § 1915A of an amended complaint). As the new allegations fail to state a claim, the undersigned would recommend dismissal of the claims, even if the undersigned allowed Plaintiff to amend.

For the above stated reasons, Plaintiff's Amended Motion for Permissive Joinder is hereby **DENIED**.

*Request for Filings*

Plaintiff has also requested that the Court order Defendants to provide all pleadings, motions, correspondence, briefs, and waivers of service. (*See e.g.* Doc. 53). Plaintiff asserts that he has been required to pursue this lawsuit blindly because Defendants have not served Plaintiff with the above-stated documents. Counsel for Defendants responded, and stated that Defendants have served Plaintiff with copies of all pleadings filed in this action. (Doc. 56). Defendants have also attached certificates of service indicating that their filings have been served on Plaintiff. The Court notes that Plaintiff has filed responses to Defendants' filed documents, specifically responding to arguments raised in Defendants' filings. Further, Plaintiff has not shown he is entitled to a copy of the waivers of service. Accordingly, Plaintiff's request that the Court order Defendants to serve all pleadings, motions, correspondence, briefs, and waivers of service is hereby **DENIED.**

**SO ORDERED AND RECOMMENDED**, this 22nd day of April, 2014.

*s/ THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf