**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| ISAAC MORRIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:13-cv-21 (WLS) |
| | : | |
| WARDEN JOSE MORALES, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

This is a 42 U.S.C. § 1983 case asserting several claims against Defendants at Johnson State Prison and Autry State Prison. Before the Court are two Orders and Recommendations from Magistrate Judge Thomas Q. Langstaff. In the first Order and Recommendation, issued February 19, 2014, Judge Langstaff recommends dismissal of the claims against Defendants Murry and Doe. (Doc. 47 at 5.) In the second Order and Recommendation, issued April 22, 2014, Judge Langstaff recommends granting Defendants Allen's and McCraw's Motion to Dismiss. (Doc. 61 at 5.) Judge Langstaff also recommends allowing the voluntary withdrawal of claims against Defendants Morales and Ajibade and finding Defendants Morales' and Ajibade's Motion to Dismiss for Improper Venue moot. (*Id.* at 2.) After a *de novo* review of the motions and recommendations, the Court adopts the February 19, 2014 Order and Recommendation, adopts the April 22, 2014 recommendation to dismiss the claims against Defendants Allen and McCraw, and declines to adopt the recommendation as to the claims against Defendants Morales and Ajibade.

The Recommendations provided the Parties with fourteen (14) days from the date of service to file written objections to the recommendations therein. (Docs. 47 at 5-6; 61 at 6.) The period for filing objections to the first Order and Recommendation expired on March 5, 2014. Plaintiff filed an untimely objection on March 7, 2014. (Doc. 52.) This Court, in its discretion, would consider Plaintiff's untimely Objections, but Plaintiff does not specifically object to the recommendations in Judge Langstaff's February 19, 2014 Order and Recommendation. (See Doc. 52.) Therefore, upon full review and consideration upon the record, the Court finds that Judge Langstaff's Recommendation that Defendants Murry and Doe be dismissed should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Objections (Doc. 52) are **OVERRULED**.

Turning to the second Order and Recommendation, the period for filing objections expired on May 6, 2014. Defendant timely filed an Objection to the Order and Recommendation on May 5, 2015. (Doc. 66.) The Court addresses the May 5, 2014 Objections in turn.

Under 28 U.S.C. § 636, "a [district court] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(A). Plaintiff objects to the dismissal of Defendants Allen and McCraw and rescinds his withdrawal of his claims against Defendants Morales and Ajibade. (Doc. 66 at 1, 2.)

As to the dismissal of Plaintiff's claims against Defendants Allen and McCraw, the Court agrees with Judge Langstaff that Plaintiff has failed to state a claim upon which relief

can be granted. (Doc. 61 at 2.) Plaintiff alleges that Defendants Allen and McCraw failed to assist Plaintiff in obtaining access to law books while he was confined in segregation. (Doc. 12 at 6.) However, Plaintiff's allegations do not rise above an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has not pleaded actual injury as a result of his alleged denial of access to law books as is required. *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1271 (11th Cir. 2010). Plaintiff has also not pleaded facts indicating that Defendants Allen and McCraw denied him access to law books; rather he alleges that they did not provide him with the assistance he wanted. (Doc. 12 at 6.)

In his objections, Plaintiff contends that he submitted transcript excerpts from an evidentiary hearing on his habeas petition as evidence that he was actually injured by his inability to access the law library. (Doc. 66 at 2.) Plaintiff submitted three pages of hearing transcript excerpts along with his "Brief in Support of Response against Dismissal of Action," which he filed "in support of ALL" his motions and briefs. (Doc. 69 at 1.) However, a Rule 12(b)(6) motion to dismiss is to be decided on the pleadings. See *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599 (11th Cir. 1985). If a district court, in its discretion, chooses to consider outside evidence, the court must convert the motion to a motion for summary judgment. *Id.* The Court declines to consider the hearing transcript excerpts. The Court thus finds that Plaintiff has failed to state a claim upon which relief can be granted against Defendants Allen and McCraw.

Upon reviewing Defendants Morales' and Ajibade's Motion to Dismiss for Improper Venue, Judge Langstaff recommended that the claims against Defendants Morales and

Ajibade be dismissed without prejudice and the Defendants' Motion be found moot based on Plaintiff's withdrawal of his claims in his Response to Defendants' Motion to Dismiss. (Docs. 61 at 2; 53 at 3.) However, in his Objections, Plaintiff rescinds his withdrawal of the claims against Morales and Ajibade. (Doc. 66 at 1 ("I cannot withdraw or abandon my effort for relief in this case against Jose Morales and Caleb Ajibade.").) Thus, this Court will consider whether venue is proper for the claims against Jose Morales and Calab Ajibade.

Under Federal Rule of Civil Procedure 12(b)(3), a district court is permitted to dismiss a claim for improper venue. The plaintiff bears the burden of proving the venue is proper. *Delong Equipment Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir.1988). Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims against Defendants Morales and Ajibade occurred at Johnson State Prison, which is located in Johnson County, Georgia in the Dublin Division of the U.S. District Court for the Southern District of Georgia. (See Doc. 12.) Plaintiff has not alleged that either of the Defendants resides in the Middle District of Georgia. This Court finds that Plaintiff has not met his burden of establishing venue and that venue is improper.

Therefore, upon full review and consideration of the record, the Court finds that Judge Langstaff's February 19, 2014 Order and Recommendation (Doc. 47) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made Order of this Court for reason of the findings made, reasons stated, and conclusions therein, together with the findings made,

reasons stated, and conclusions reached herein. Plaintiff's claims against Defendants Murry and Doe are **DISMISSED**.

Further, upon full review and consideration of the record, the Court **ACCEPTS, ADOPTS** and makes Order of this Court Judge Langstaff's April 22, 2014 Recommendation to Dismiss Plaintiff's claims against Defendants Allen and McCraw for reason of the findings made, reasons stated, and conclusions therein, together with the findings made, reasons stated, and conclusions reached herein. (Doc. 61 at 2-6.) Defendants Allen's and McCraw's Motion to Dismiss is **GRANTED,** and Plaintiff's claims against Defendants Allen and McCraw are **DISMISSED**.

Finally, upon full review and consideration of the record, the Court **DECLINES** to adopt Judge Langstaff's April 22, 2014 Recommendation to find Defendants Morales' and Ajibade's Motion to Dismiss moot. (Doc. 61 at 2.) Defendants Morales' and Ajibade's Motion to Dismiss Plaintiff's Claim for Lack of Venue (Doc. 40) is **DENIED** without prejudice for the purpose of transfer to the appropriate venue pursuant to the standing policy of transfer among the U.S. District Courts in Georgia.

**SO ORDERED**, this <u>3rd</u> day of September, 2014.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**