IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ISAAC MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 315-004 |
| | ) |
| JOSE MORALES, Johnson State Prison, | ) |
| in his individual and official capacities, | ) |
| and CALEB AJIBADE, Johnson State Prison, | ) |
| in his individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Georgia, concerning events alleged to have occurred at Johnson State Prison in Wrightsville, Georgia, and Autry State Prison in Pelham, Georgia. (Doc. no. 12.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is before the Court on Defendants' renewed pre-answer motion to dismiss. (Doc. no. 91.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends that Plaintiff's claim against Defendant Morales be **DISMISSED**, Defendant Morales be **DISMISSED** from this case, and the motion to dismiss be **DENIED** with respect to Plaintiff's claim against

Defendant Ajibade.

## I. BACKGROUND

### A. Procedural History

Plaintiff originally filed this action in the United States District Court for the Middle District of Georgia, naming Defendants at Autry State Prison in Pelham, Georgia, and at Johnson State Prison in Wrightsville, Georgia. (See doc. nos. 1, 5.) In his recast complaint, Plaintiff named five Defendants at Autry State Prison and two Defendants at Johnson State Prison, Jose Morales, Warden at Johnson State Prison, and Caleb Ajibade, a doctor at Johnson State Prison. (Doc. no. 12.)

United States Magistrate Judge Thomas Q. Langstaff ordered the claims against Defendants Morales and Ajibade transferred to this District because venue was improper in the Middle District. (See doc. no. 10.) However, because Judge Langstaff did not give the parties an opportunity to oppose the transfer pursuant to 28 U.S.C. § 1404(a), United States District Judge W. Louis Sands reversed the transfer order. (See doc. no. 13.) Judge Langstaff screened the complaint for frivolity and ordered service on all Defendants. (See doc. no. 22.)

On February 7, 2014, Defendants Morales and Ajibade moved to dismiss Plaintiff's recast complaint because (1) venue was improper in the Middle District of Georgia because the claims involved events occurring in the Southern District, and (2) Plaintiff failed to state a claim upon which relief can may be granted because he (i) did not exhaust his administrative remedies with respect to his failure to protect claim against Defendant Morales, (ii) failed to allege any plausible claim against Defendant Ajibade, and (iii) Defendants are entitled to qualified immunity. (See doc. no. 40.) On the same day, two Autry State Prison defendants,

2

Allen and McCraw, also moved to dismiss Plaintiff's recast complaint because (1) he failed to state a claim upon which relief can be granted, and (2) Defendants were entitled to qualified immunity. (See doc. no. 38.) On March 7, 2014, Plaintiff requested to withdraw his claims against Defendants Morales and Ajibade. (Doc. no. 53, p. 3.) On April 22, 2014, Judge Langstaff recommended that Plaintiff's motion to withdraw his claims against Defendants Morales and Ajibade be granted, Defendants Morales and Ajibade be dismissed without prejudice, and the motion to dismiss filed by Defendants Allen and McCraw be granted because Plaintiff failed to state a claim upon which relief can be granted against them. (Doc. no. 61.)

On April 24, 2014, the remaining Autry State Prison defendants, Aikens, Swagler, and Taylor, moved to dismiss Plaintiff's recast complaint because (1) he failed to state a claim upon which relief can be granted, and (2) Defendants were entitled to qualified immunity. (See doc. no. 62.)

On September 3, 2014, Judge Sands adopted Judge Langstaff's recommendation to dismiss Plaintiff's claims against Defendants Allen and McGraw, and dismissed them from this case. (Doc. no. 76.) However, because Plaintiff had rescinded the withdrawal of his claims against Defendants Morales and Ajibade in his objections to Judge Langstaff's Report and Recommendation, (doc. no. 66, p. 1), Judge Sands (1) declined to adopt Judge Langstaff's recommendation that Defendants Morales and Ajibade be dismissed from the case, (2) concluded that venue was improper with respect to Defendants Morales and Ajibade, and (3) denied without prejudice their motion to dismiss. (Doc. nos. 76.)

3

On October 6, 2014, Plaintiff appealed Judge Sands's order granting the motion to dismiss filed by Defendants Allen and McGraw. (Doc. no. 77.)

On December 23, 2014, Judge Langstaff recommended that the motion to dismiss filed by the remaining Autry State Prison defendants, Aikens, Swagler, and Taylor, be granted because Plaintiff failed to state a claim upon which relief can be granted against them. (Doc. no. 83.) On January 14, 2015, Judge Sands adopted Judge Langstaff's recommendation, dismissed the claims against Aikens, Swagler, and Taylor, and transferred the claims against Defendants Morales and Ajibade to this District. (Doc. nos. 85-88.) On January 16, 2015, Defendant Morales and Ajibade renewed their motion to dismiss. (Doc. no. 91.)

### B. Complaint Allegations

With respect to Defendants Morales and Ajibade, Plaintiff alleges the following facts. On February 13, 2011, in front of an unnamed officer, inmate Richard Allen Sharp hit Plaintiff several times, knocking him unconscious. (Doc. no. 12, p. 5.) At some prior time, Plaintiff had informed the officer who witnessed the assault and Defendant Morales that Inmate Sharp was friends with inmate Jerry Jones, who had assaulted Plaintiff in another building at some previous point in time. (Id.) Plaintiff had met with Defendant Morales several times before Inmate Sharp's assault. (Id.) Inmate Sharp admitted on record that he assaulted Plaintiff. (Id.) The assault resulted in pain, suffering, dizziness, a head tumor, and occasional headaches. (Id.) Defendant Ajibade would not provide "appropriate" medical treatment for Plaintiff's broken left hand, or injuries to his back or head. (Id.) Plaintiff does not state whether these injuries were the result of Inmate Sharp's assault. (Id.)

As to the issue of exhaustion of administrative remedies, Defendants have produced

4

the affidavit of Tracey Lumpkin, the Chief Counselor and Grievance Coordinator at Johnson State Prison, who states that none of the five grievances Plaintiff filed while incarcerated at Johnson State Prison in 2011 concern Defendant Morales's alleged failure to protect him from Inmate Sharp's attack on February 13, 2011. (Doc. no. 40-2, Lumpkin Aff., ¶ 13 and Att. 1.)

## II. DISCUSSION

### A. Defendants' Motion to Dismiss Should Be Granted With Respect to the Eighth Amendment Claim Against Defendant Morales Because Plaintiff Failed to Exhaust His Administrative Remedies and the Recast Complaint Fails to State a Claim.

#### 1. Plaintiff Failed to Exhaust His Administrative Remedies.

##### i. The Legal Framework

Where, as here, a defendant has filed a motion to dismiss a claim based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions. First, the court looks to the factual allegations made by both parties, taking the plaintiff's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, the defendant's motion will be granted. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted)). If the complaint is not subject to dismissal at the first step, then at step two the court makes specific findings to resolve the disputed factual issues, with the defendant bearing the burden of proving that Plaintiff has failed to exhaust his administrative remedies. Id. Based on its findings as to the disputed factual issues, the court determines whether the prisoner has exhausted his available

administrative remedies and thus whether the motion to dismiss should be granted. Id. Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he does not satisfy the exhaustion requirement. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

### ii. The Administrative Grievance Procedure

Because the date of the alleged incident is February 13, 2011, the administrative grievance procedure applicable in this case is governed by the version of the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001 that became effective on June 1, 2004. (See doc. no. 40-2, Lumpkin Aff., Att. 2.) Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D)(2). The SOP requires that an inmate be given a response to his informal grievance within ten calendar days of its

receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden or Superintendent has thirty calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2), (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id. § VI(D).

### iii. Plaintiff Failed to Exhaust His Deliberate Indifference Claim Against Defendant Morales.

Here, Plaintiff's Eighth Amendment claim for deliberate indifference to his safety against Defendant Morales should be dismissed because Defendant Morales has met his burden of proving Plaintiff failed to exhaust his available administrative remedies with respect to this claim by producing Plaintiff's grievance history, which establishes he did not grieve Defendant Morales' alleged failure to protect him from Inmate Sharp's February 13th attack. (Lumpkin Aff., ¶¶ 12-16 and Att. 1.) Indeed, none of the grievances Plaintiff filed in 2011 were timely filed within ten calendar days of the date of the purported attack. (Id. ¶ 12.) Nor did any of the grievances concern an alleged failure to protect. (Id. ¶ 13.) Because Plaintiff did not exhaust his administrative remedies with respect to this claim prior to

8

initiating this lawsuit, that claim must be dismissed. Poole, 312 F. App'x at 166; see also Higginbottom, 223 F.3d at 1261.

> **2. Plaintiff's Recast Complaint Fails to State a Claim Upon which Relief can Be Granted with Respect to the Deliberate Indifference Claim Against Defendant Morales.**
>
> > **i. Motion to Dismiss Framework**

The recast complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

In considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). The Court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief

above the speculative level." Id. at 555.  With these principles in mind, the Court turns its attention to the remaining arguments in the motion to dismiss that do not relate to the exhaustion issue.

> **ii. Plaintiff's Failure to State a Claim for Deliberate Indifference.**

Even if Plaintiff had exhausted his administrative remedies with respect to his claim against Defendant Morales, Plaintiff's allegation that Defendant Morales failed to protect him from attack by Inmate Sharp also fails to state a claim upon which relief can be granted. A prison inmate has a constitutional right to be protected from violence and from assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial, particularized threat or fear of serious harm, (2) of which a defendant is subjectively aware, and (3) the defendant does not respond reasonably to the risk. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Before a prison official's failure to act can constitute deliberate indifference, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility." Brown, 894 F.2d at 1537.

Here, Plaintiff fails to satisfy any prong showing Defendant Morales was deliberately indifferent to his safety. First, Plaintiff fails to identify any particularized threat or fear of

10

serious harm. (Doc. no. 1, p. 5.) Indeed, Plaintiff does not allege that Inmate Sharp threatened him prior to the attack, much less that Inmate Sharp attacked other inmates before he attacked Plaintiff.

Second, Plaintiff fails to allege that Defendant Morales was subjectively aware of any such particularized threat or fear of serious harm to him. Indeed, Plaintiff only alleges that he made Defendant Morales aware that Inmate Sharp was friends with Inmate Jerry Jones, who had previously attacked Plaintiff on an unknown date. (Id. at 5.) At best, the fact that Inmates Sharp and Jones were friends and Jones had previously attacked Plaintiff suggests a possibility that Inmate Sharp would attack Plaintiff. However, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility." Brown, 894 F.2d at 1537.

Third, since there is no allegation that Defendant Morales knew about the risk, there is no factual basis for a finding that he did not respond reasonably to that risk. At most, Plaintiff's claim against Defendant Morales is premised on negligence and must fail. Brown, 894 F.2d at 1537. Accordingly, Plaintiff has failed to state a claim for deliberate indifference to safety for failure to protect against Defendant Morales.

### B. The Court Grants Plaintiff Leave of Court to Amend and Clarify the Allegations Against Defendant Ajibade Rather than Dismiss this Claim.

Here, Plaintiff's allegations against Defendant Ajibade do not allow the Court to conduct a meaningful analysis of his complaint under the motion to dismiss standard. Plaintiff does not describe his injuries in sufficient detail, describe when and what medical treatment he did receive for these injuries, or what, if any, impact the delay in medical care caused. Nor does Plaintiff describe with sufficient facts how Defendant Ajibade purportedly

11

violated his constitutional rights.

The Court recognizes that Plaintiff is proceeding *pro se* and therefore recommends that the Motion to Dismiss be **DENIED** as to Plaintiff's claim against Defendant Ajibade and that Plaintiff be given an opportunity to cure the pleading deficiencies outlined above by amending his complaint only as to his deliberate indifference claim against Defendant Ajibade.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends that Plaintiff's claim against Defendant Morales be **DISMISSED**, Defendant Morales be **DISMISSED** from this case, and the motion to dismiss be **DENIED** with respect to Plaintiff's claim against Defendant Ajibade. Should this recommendation be adopted as the District Court's opinion, Plaintiff should amend his complaint as to his deliberate indifference claim against Defendant Ajibade within twenty-one days of such adoption.

SO REPORTED and RECOMMENDED this 22nd day of July, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA