IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ISAAC MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-004 |
| | ) | |
| CALEB AJIBADE, Johnson State Prison, | ) | |
| in his individual and official capacities, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

## I.  SCREENING OF THE AMENDED COMPLAINT

### A.  PROCEDURAL HISTORY

On August 24, 2015, the Court granted in part Defendants' motion to dismiss by dismissing all claims against Defendant Morales. (Doc. no. 108.) The Court granted Plaintiff leave to amend the complaint to clarify his allegations against Defendant Ajibade. (Id. at p. 11.) Plaintiff filed an amended complaint against Defendant Ajibade on August 14, 2015. (Doc. no.

107.) Now before the Court once again for screening, the Court recommends dismissal of the amended complaint because it fails to state a claim upon which relief can be granted.

### B.     BACKGROUND

Plaintiff names Caleb Ajibade, a doctor at Johnson State Prison, as the sole Defendant in his amended complaint. (Doc. no. 107, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was taken to Fairview Park Hospital in February, 2011. Doctor Ajibade ordered that Plaintiff undergo x-rays and a magnetic resonance image (MRI). (Id.) The MRI revealed that Plaintiff had a tumor as a result of an altercation with a fellow inmate named Richard Allen Sharp. (Id.) As a consequence of that prior altercation, Plaintiff still suffers from untreated dizziness today. (Id.) Plaintiff alleges that Defendant "knew about Plaintiff's serious medical need and . . . failed to respond reasonably." (Id.) Plaintiff also alleges that Defendant failed to provide him with medical treatment for a back injury, "other than a back brace." (Id.) As a consequence, Plaintiff asserts that Defendant was deliberately indifferent. (Id. at p. 1.)

### C.     DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

2

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV,

3

Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Ajibade for Deliberate Indifference.

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

[A]n inadvertent failure to provide medical care cannot be said to constitute "an

> unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Here, Plaintiff cannot satisfy either the objective or the subjective element of deliberate indifference. First, he does not sufficiently allege a serious medical need. Plaintiff vaguely alleges that he has dizziness and a back injury, but does not describe the severity of either condition or point to any specific illness or diagnosis. Second, Plaintiff cannot demonstrate that Defendant Ajibade disregarded a risk of serious harm by following a course of action that constituted more than gross negligence. Plaintiff concedes that Dr. Ajibade conducted an MRI and x-ray to check for any head injuries, and that Dr. Ajibade prescribed a back brace for his alleged back injury. Plaintiff alleges that Defendant Adjibade "failed to respond reasonably," but fails to specify what he contends Dr. Ajibade failed to do. (Doc. no. 107.) At best, Plaintiff's allegations and exhibits demonstrate that he disagrees with the course of action

5

taken by Dr. Ajibade to treat the head and back injuries alleged. (Id.) Mere disagreement with treatment is insufficient to state a deliberate indifference claim. See Smith, 375 F. App'x at 910; Goebert, 510 F.3d at 1326. As a result, Plaintiff's allegations do not state a cognizable § 1983 claim.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**. In light of this recommendation, Defendant need not file a responsive pleading to the amended complaint.

SO REPORTED and RECOMMENDED this 27th day of August, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA